James S. Link (State Bar # 94280)
Counselor & Advocate at Law
215 N. Marengo Avenue, 3rd Floor
Pasadena, CA 91101
(626)793-9570
(626)628-1925 (fax)
james.s.link@att.net

Attorney for Bellaire Reseda Properties, LLC

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BELLAIRE RESEDA PROPERTIES, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00334-SVW-PLA<br><br>ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY |

Bellaire Reseda Properties, LLC, hereby responds to Plaintiff's complaint as follows:

1.  Answering paragraph 1, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

2.  Answering paragraph 2, Defendant admits the allegations.

3.  Answering paragraph 3, Defendant admits the allegations.

4.  Answering paragraph 4, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

1
**ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY**

5. Answering paragraph 5, Defendant alleges that it is in the process of installing a van accessible parking space fully compliant with current regulations and that the federal claims in this action will be moot.

6. Answering paragraph 6, Defendant alleges plaintiff is a high frequency litigant having filed 50 cases within the last 12 months and that this Court should decline supplemental jurisdiction on the basis set forth in *Estrada v. Gold Key Dev., Inc.*, 2019 U.S. Dist. LEXIS 170423, at *19 (C.D. Cal. May 1, 2019); *Garibay v. Rodriguez*, 2019 U.S. Dist. LEXIS 180528 (C.D. Cal. Aug. 27, 2019); *Whitaker v. Mac*, 2019 U.S. Dist. LEXIS 170553 (C.D. Cal. Oct. 1, 2019); *Banks v. Socal Sushi Concepts, LLC*, 2019 U.S. Dist. LEXIS 62876 (S.D. Cal. Apr. 11, 2019); *Schutza v. Alessio Leasing, Inc.*, 2019 U.S. Dist. LEXIS 60152 (S.D. Cal. Apr. 5, 2019); *Rutherford v. Ara Lebanese Grill*, 2019 U.S. Dist. LEXIS 36159 (S.D. Cal. Mar. 5, 2019); *Reyes v. Flourshings Plus, Inc.*, 2019 U.S. Dist. LEXIS 74495 (S.D. Cal. May 1, 2019); *Calvin Kwon v. Mehrzad Soleimani d/b/a/ Jim Dandy Fried Chicken*, Case 2:19-cv-08627-DMG-JDE Document 12 Filed 11/05/19; *Pier v. Civic Ctr. Inn & Suites*, 2019 U.S. Dist. LEXIS 145891 (C.D. Cal. Aug. 26, 2019); *Arroyo v. A&G Interprises*, 2019 U.S. Dist. LEXIS 216305, at *14-15 (C.D. Cal. Aug. 20, 2019) and in dozens of other cases where the judges of the Central District have declined to exercise supplemental jurisdiction in cases brought by high frequency plaintiffs alleging Unruh Civil Rights Act damages.

7. Answering paragraph 7, Defendant admits the Property is located within the venue of this Court. Except as so admitted, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

8. Answering paragraph 8, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

9. Answering paragraph 9, Defendant admits the allegation.

10. Answering paragraph 10, Defendant admits that the parking is available on the Property. Except as herein admitted, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

11. Answering paragraph 11, Defendant alleges that a useable accessible parking space existed on the property at the time of plaintiff's alleged visit although it was configured to comply with 1984 California regulations and that the structures on the property were built in 1986. Defendant further alleges that it is installing a van accessible parking space fully compliant with current regulations.

12. Answering paragraph 12, Defendant alleges that a useable accessible parking space existed on the property at the time of plaintiff's alleged visit although it was configured to comply with 1984 California regulations and that the structures on the property were built in 1986. Defendant further alleges that it is installing a van accessible parking space fully compliant with current regulations.

13. Answering paragraph 13, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

14. Answering paragraph 14, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

15. Answering paragraph 15, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

16. Answering paragraph 16, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

17. Answering paragraph 17, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

18. Answering paragraph 18, Defendant lacks sufficient information and

belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

19. Answering paragraph 19, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

20. Answering paragraph 20, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

21. Answering paragraph 21, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

22. Answering paragraph 22, Defendant denies generally and specifically each and every allegation contained in the paragraph and the whole thereof.

23. Answering paragraph 23, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

24. Answering paragraph 24, Defendant denies generally and specifically each and every allegation contained therein and the whole thereof.

25. Answering paragraph 25, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

26. Answering paragraph 26, Defendant hereby incorporates by reference as though fully set forth at length herein the responses herein to paragraphs 1 through 25, inclusive.

27. Answering paragraph 27, Defendant objects to the allegations made therein as legal conclusions or statements of law that are inappropriate to the complaint.  To the extent any or all of the allegations are deemed allegations to which an answer is required, Defendant denies generally and specifically each and every factual allegation contained therein and the whole thereof.

28. Answering paragraph 28, Defendant objects to the allegations made therein as legal conclusions or statements of law that are inappropriate to the complaint. To the extent any or all of the allegations are deemed allegations to which an answer is required, Defendant denies generally and specifically each and every factual allegation contained therein and the whole thereof.

29. Answering paragraph 29, Defendant objects to the allegations made therein as legal conclusions or statements of law that are inappropriate to the complaint. To the extent any or all of the allegations are deemed allegations to which an answer is required, Defendant denies generally and specifically each and every factual allegation contained therein and the whole thereof

30. Answering paragraph 30, Defendant alleges that a useable accessible parking space existed on the property at the time of plaintiff's alleged visit although it was configured to comply with 1984 California regulations and that the structures on the property were built in 1986. Defendant further alleges that it is installing a van accessible parking space fully compliant with current regulations..

31. Answering paragraph 31, Defendant lacks sufficient information and belief to respond to the allegations and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

32. Answering paragraph 32, Defendant hereby incorporates by reference as though fully set forth at length herein the responses herein to paragraphs 1 through 31, inclusive.

33. Answering paragraph 33, Defendant objects to the allegations made therein as legal conclusions or statements of law that are inappropriate to the complaint. To the extent any or all of the allegations are deemed allegations to which an answer is required, Defendant denies generally and specifically each and every factual allegation contained therein and the whole thereof.

34. Answering paragraph 34, Defendant denies generally and specifically

each and every factual allegation contained therein and the whole thereof.

35.     Answering paragraph 35, Defendant denies generally and specifically each and every factual allegation contained therein and the whole thereof.

**FIRST AFFIRMATIVE DEFENSE**

36.     Defendant is informed and believes and thereon alleges that Plaintiff is barred from recovery by the equitable doctrine of "unclean hands".  Defendant is informed and believes and thereon alleges that plaintiff is a serial litigant who has filed 50 Americans with Disabilities Act cases in federal courts in the last 12 months. Defendant is further informed and believe and thereon alleges plaintiff has contrived this litigation to extort money from defendant and never intended to be a customer of any of the business at the property in issue in this action.

**SECOND AFFIRMATIVE DEFENSE**

37.     Plaintiff does not have standing to claim damage under the Unruh Civil Rights Act and the Disabled Persons Act.  In order to have standing under those statutes, plaintiff, who qualifies as a high frequency litigant such as this plaintiff, must allege the following: the number of complaints alleging construction-related accessibility claims plaintiff has filed during the 12 months prior to filing this action, the reason plaintiff was in the geographic area of the business, and the reason why plaintiff desired to access the business.  California Code of Civil Procedure § 425.50. Plaintiff has failed to properly allege the foregoing required allegations.

**THIRD AFFIRMATIVE DEFENSE**

38.     Because the complaint alleges open-ended and vague allegations of violation of regulations, defendants protectively allege that all or some of the access violations to be alleged by plaintiff under the ADAAG regulations or 2010 Standards are not capable of being remediated on a readily achievable basis because repairs are not easily accomplishable and are not capable of being carried out without much difficulty or expense on the subject property.  Defendant is further informed and

believes and thereon alleges that the costs to be incurred for the alleged remediation exceeds the amount that is considered readily achievable, regardless of the financial condition of defendant, as a matter of law.  See e.g., *Moore v. Robinson Oil Corp.*, 2012 U.S. Dist. LEXIS 80780, 20-22 (N.D. Cal. June 11, 2012); *Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529 (9th Cir. 2014); *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1072 (N.D. Cal. 2014).

      WHEREFORE, Defendant prays for judgment as follows:

    1. That Plaintiff take nothing by this action;

    2. For costs of suit incurred herein, including reasonable attorney's fees;

    3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Bellaire Reseda Properties, LLC demands trial by jury.

Date: February 11, 2020

James S. Link
Counselor & Advocate At Law

_____
James S. Link
Counsel for Bellaire Reseda Properties, LLC